

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON JOSE VASQUEZ, | No. 12-17413 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-00948-EJD |
| v. | |
| BRIAN FERRANTE, individually and as an officer of the San Jose Police Department; TOM MORALES, individually and as an officer of the San Jose Police Department, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 17, 2015 [**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TROTT and GRABER, Circuit Judges, and RESTANI, Judge.[**]

Ramon Jose Vasquez contests the district court's grant of summary judgment in favor of the law enforcement appellees in this action brought pursuant to 42 U.S.C. §§ 1981 and 1983 for wrongful arrest and subsequent detention without probable cause. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

The officers had probable cause to arrest Vasquez, causing him to be held in jail for five months. The totality of the facts and circumstances known to them included two separate photographic identifications by witnesses at the scene. Moreover, Vasquez generally fit many of the descriptions given before his arrest of the person who killed Rojelio Silva during the confrontation outside of In-N-Out Burger; Vasquez was the part-owner of a distinctive vehicle identified as being at the location of the shooting; and he was previously involved in a criminal incident suggesting association with Norteño gang members.

The factors Vasquez claims negate probable cause do not. As Judge Davila noted, they were irrelevant or immaterial. See Hervey v. Estes, 65 F.3d 784, 788-90 (9th Cir. 1995). Also, Vasquez mistakenly attributes one of those factors --

_____

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

-2-

Vasquez's "documented" gang association -- to Sgt. Morales in his application for an arrest warrant. The statement of which Vasquez complains was made in an application for a search warrant made by Sgt. Ferrante. The search warrant has nothing to do with Vasquez's complaint.

In fine, there are no falsehoods in this case attributable to Sgt. Morales, the arresting officer, and no indication whatsoever of a reckless disregard for the truth.

Vasquez's subsequent vindication by the court is of no consequence to what went on before. The Supreme Court said in Illinois v. Wardlow, 528 U.S. 119, 126 (2000), "Indeed, the Fourth Amendment accepts [the risk of detaining innocent people in a Terry stop] in connection with more drastic police action; persons arrested and detained on probable cause to believe they have committed a crime may turn out to be innocent."

**AFFIRMED.**